UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

DAVID TEJADA,

                 *Petitioner*,           **MEMORANDUM & ORDER**

        -*against*-                  18-CV-5823 (KAM)

SUPERINTENDENT

                *Respondent.*

----------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

        *Pro se* petitioner David Tejada ("petitioner"), formerly incarcerated at Lakeview Shock Incarceration Correctional Facility ("Lakeview"), commenced this action on October 4, 2018 by filing a petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, in the Southern District of New York. (ECF No. 1, Petition for Writ of Habeas Corpus ("Petition").) On October 11, 2018, Hon. Louis Stanton of the Southern District of New York ordered that the action be transferred to this court. (ECF No. 2, Transfer Order.) Petitioner challenges his sentence as excessive and illegal and requests that the court reduce his sentence. (ECF No. 1, Petition, at 2.) Presently before the court are the petition for federal *habeas* relief and respondent's opposition to the petition. For the reasons set forth below, the court

1

respectfully denies and dismisses Mr. Tejada's petition as time-barred and meritless.

## BACKGROUND

This case concerns an individual who, following his conviction in state court for nonviolent, drug-related offenses, and prior to sentencing, fled the United States. Petitioner was sentenced *in absentia* in May 2005 by the trial judge, to a seven-and-a-half to fifteen-year indeterminate term of imprisonment. Petitioner spent the next eight or nine years abroad as a fugitive, during which time he failed to file a direct appeal from his conviction or sentence in state court. Petitioner returned to the United States in 2014 and, approximately one decade after the judgment became final, commenced efforts to challenge his convictions in state court. (*See generally*, ECF No. 12, Respondent's Affidavit, Affirmation and Memorandum of Law in Opposition to Petition for Writ of Habeas Corpus ("Resp. Aff.").)

Petitioner was arrested on August 2, 2003. (ECF No. 1, Petition.) Police found 28 ecstasy pills and four bags of marijuana in his car. (ECF No. 12, Resp. Aff. ¶ 5.) Petitioner was charged with third-degree criminal sale of a controlled substance, in violation of New York Penal Law ("NYPL") § 220.39[1], third-degree criminal possession of a controlled substance, in violation of NYPL § 220.16[1], fourth-degree

2

criminal possession of a controlled substance, in violation of NYPL § 220.019[7], and unlawful possession of marijuana, in violation of NYPL § 221.05.  (*Id.* ¶ 6.)

On March 10, 2005, a jury found petitioner guilty of fourth-degree criminal possession of a controlled substance and unlawful possession of marijuana, and could not reach a verdict on the two remaining charges.  (*Id.* ¶ 7.)  Following petitioner's conviction, but before he was sentenced, he fled the country.  (*Id.* ¶ 8.)  Accordingly, on May 17, 2005, petitioner was sentenced *in absentia* as a second-felony offender, to the maximum legal sentence of seven and one-half to 15 years' imprisonment for fourth-degree criminal possession of a controlled substance, and a concurrent term of 15 days' incarceration for unlawful possession of marijuana.  (*Id.*)  In 2014, nearly nine years after he was sentenced, petitioner returned to the United States.  (*Id.* ¶ 9.)  Upon his return, his sentence was executed.  (*Id.*)  Petitioner has never filed a direct appeal from his conviction or sentence in state court. (*Id.* ¶ 10.)

On or about May 5, 2015, petitioner filed a motion for a writ of *error coram nobis*, alleging that his attorney was ineffective for failing to file a notice of appeal and requesting permission to file a late notice of appeal.  (ECF No. 14, Letter in Response to Court Order ("Superintendent

Letter").)  On November 11, 2015, the New York State Supreme
Court, Appellate Division, denied petitioner's motion.  *People
v. Tejada*, 133 A.D.3d 799 (2d Dep't 2015).

On December 14, 2015, petitioner requested leave to
appeal to the New York State Court of Appeals.  (ECF No. 12,
Resp. Aff. ¶ 11.)  On April 5, 2016, leave was denied.  *People
v. Tejada*, 27 N.Y.3d 1007 (2016).  Petitioner also requested a
writ of *certiorari* from the United States Supreme Court.  (ECF
No. 12, Resp. Aff. ¶ 11.)  On October 3, 2016, that request was
denied.  *Tejada v. New York*, 137 S. Ct. 183 (2016), *pet'n for
rehearing denied*, 137 S. Ct. 586 (2016).

On July 8, 2016, petitioner filed a motion pursuant to
New York Criminal Procedure Law ("NYCPL") § 440.20, to set aside
his sentence on the ground that his sentence was illegal.  (ECF
No. 12, Resp. Aff. ¶ 12.)  Petitioner argued that New York's
Drug Law Reform Act ("DLRA"), which lowered the maximum
sentences for certain felony drug offenses and was passed after
petitioner committed the crimes of which he was convicted,
applied retroactively to his conviction.  (*Id.*)  On September
20, 2016, petitioner's motion was denied in its entirety.  (*Id.*)

On September 28, 2016, petitioner filed a second
motion, pursuant to NYCPL § 440.20, to set aside his sentence on
the same grounds as his first motion.  (*Id.* ¶ 13.)  On December
19, 2016, Mr. Tejada's second motion was denied as procedurally

4

barred.  (*Id.*)  On December 23, 2016, petitioner requested leave to appeal from his first motion to the Appellate Division.  (*Id.* ¶ 14.)  On April 6, 2017, the Appellate Division denied leave because the request was untimely.  (*Id.* ¶ 14.)

On October 18, 2018, petitioner filed this instant petition for a writ of *habeas corpus*, arguing that his sentence is excessive and illegal, and moved to proceed *in forma pauperis*.  (ECF No. 1, Petition; ECF No. 5, Motion for Leave to file in forma pauperis.)  On January 23, 2019, Judge Bianco granted petitioner's motion for leave to proceed *in forma pauperis* and ordered respondent to show cause pursuant to a scheduling order.  (ECF No. 6, Order to Show Cause.)  On April 12, 2019, respondent filed its affidavit and memorandum of law in opposition to the petition, arguing primarily that the petition should be dismissed as time-barred. (ECF No. 12, Resp. Aff.)  The Clerk of Court refiled respondent's affidavit and memorandum on the docket, and mailed service to petitioner at the case address.  On April 19, 2019, respondent's opposition to the petition was returned as undeliverable.  (ECF No. 13, Mail Returned as Undeliverable.)  A review of the New York Department of Correction and Community Supervision's inmate lookup tool reveals that petitioner has been released on parole from Lakeview facility, *i.e.* petitioner's address of record, and petitioner has failed to update his address of record.

The court ordered respondent to file documentation that supports the bases for respondent's arguments, employ reasonable efforts to locate a current address of the petitioner, and serve petitioner with its opposition.  On May 15, 2020, respondent filed a letter in response to the court order.  (ECF No. 14, Superintendent Letter.)  The letter states that no transcripts of the trial or sentencing minutes were ever created due to the age of the case.  (*Id.*)  Further, respondent spoke with a parole officer at the New York State Department of Corrections and Community Supervision and discovered that petitioner has moved to 3281 Lawrence Avenue, Oceanside, New York 11572.  (*Id.*)  Respondent promptly served petitioner with its opposition and the documents contained in the letter.  (ECF No. 14-5, Affidavit of Service.)  Further, respondent noted that it had effectuated service of the instant opposition to the petition upon petitioner in April 2019.  (ECF No. 14.)

Despite petitioner's having received respondent's opposition in April 2019, petitioner failed to respond.  On May 12, 2020, the court ordered that "petitioner advise the court whether he still intends to pursue his petition.  If so, petitioner is directed to update his address of record, serve and submit his reply to respondent's opposition no later than **June 18, 2020**.  Otherwise, the court shall consider the petition fully-briefed on that date."  (Dkt. Order dated 5/12/2020

(emphasis in original).)  The petitioner did not file any reply by June 18, 2020, or thereafter.  The court hereby considers the petition to be fully submitted.

## LEGAL STANDARD

To determine whether petitioner is entitled to a writ of *habeas corpus*, the court applies the standard of review set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Section 2254(d) provides, in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254.

"Clearly established Federal law" is comprised of "the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Green v. Travis*, 414 F.3d 288, 296 (2d Cir. 2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  A decision is

"contrary to" clearly established federal law, as determined by the Supreme Court, "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413.

In addition, AEDPA provides that a one-year statute of limitations applies to "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Williams v. Artuz*, 237 F.3d 147, 150 (2d Cir. 2001). Where a petitioner has not filed an appeal, his conviction is final 30 days after the date of conviction, when the time limit to file a notice of appeal has run. C.P.L. § 460.10(1)(a); *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002).

<u>**DISCUSSION**</u>

**A. The Instant Petition is Time-Barred under AEDPA.**

On October 4, 2018, petitioner filed the instant petition for a writ of *habeas corpus* to challenge his sentence based on his claim that his sentence is excessive and illegal. Petitioner was sentenced on May 17, 2005. Because petitioner

did not file a timely notice of appeal, and the Appellate Division and New York Court of Appeals denied his requests to file a late appeal, the judgment became final on June 16, 2005. Petitioner's time to file the instant habeas petition expired on June 16, 2006.  The instant petition, filed on October 4, 2018, is clearly untimely and, thus, barred from consideration under AEDPA.

In addition, the instant petition does not provide a basis for statutory or equitable tolling under 28 U.S.C. § 2244(d)(2).  Even if the petitioner had requested equitable tolling, he has not alleged that the circumstances presented warrant equitable tolling.  Mr. Tejada has not alleged – nor can he plausibly allege, given his years as a fugitive from justice - that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Mamaradlo v. United States*, 8 F. App'x 39, 41 (2d Cir. 2001) (petitioner's status as a fugitive when the AEDPA deadline ran out was not an extraordinary circumstance warranting equitable tolling).

**B. Even If the Petition Were Not Time-Barred, It Would Fail on the Merits.**

Petitioner asserts, in conclusory fashion, that his sentence violates his "state, federal and constitutional rights," but he points to no evidence or legal support for that

9

proposition.  (ECF No. 1, Petition.)  Thus, the court finds that petitioner has failed to adequately allege a basis for federal habeas relief pursuant to 28 U.S.C. § 2254(d).

The Second Circuit has held that "[n]o federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law."  *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (citing *Underwood v. Kelly*, 692 F. Supp. 146, 152 (E.D.N.Y. 1988), *aff'd*, 875 F.2d 857 (2d Cir. 1989); *see also Alejandro v. Berbary*, No. 08-CV-1809 (JFB), 2010 WL 2075941, at *7-9 (E.D.N.Y. May 21, 2010) (finding no constitutional violation where petitioner's sentence, on conviction of Criminal Sale of a Controlled Substance in the Second Degree, fell within the statutory range prescribed by state law at the time of the original offense).

Though petitioner did not explicitly raise the DLRA in his petition, the court considers whether the DLRA applies in this case.  For the reasons set forth below, the court finds that the DLRA does not apply to petitioner's conviction and sentence.  Therefore, the DLRA does not provide a legal basis to disturb Mr. Tejada's sentence.

In general, the DLRA applies prospectively, not retroactively.  *People v. Utsey*, 7 N.Y.3d 398, 403 n.5 (N.Y. 2006) (noting that the DLRA took effect 30 days after enactment on January 13, 2005, and applies to crimes "committed on or

after the effective date thereof") (citation omitted); *People v. Goode*, 25 A.D.3d 723, 723-24 (2d Dep't 2006) ("[T]he DLRA, while ameliorative in nature, expressly states that its sentencing provisions are to have only prospective application[.]") (citations omitted).  Petitioner committed the offenses underlying the conviction prior to the effective date of the DLRA, so unless a subsequent amendment applies retroactively to petitioner, he cannot avail himself of the possibility of resentencing.

Subsequent amendments passed in 2005 and 2009 contain resentencing provisions that permit retroactive application for certain defendants: *i.e.* qualifying defendants who were convicted of class A-I, class A-II, and class B felonies.  *Id.* (regarding 2005 amendments); *People v. Flores*, 50 A.D.3d 1156 (2d Dep't 2008) (same); *People v. Bustamante*, 124 A.D.3d 1132, 1133 (3d Dep't 2015) (discussing application of 2009 DLRA amendments to class B drug offenders).  As a class C felony offender, petitioner is not eligible to be resentenced under the DLRA nor its subsequent amendments.  *People v. Nieves*, 906 N.Y.S.2d 782 (Sup. Ct. N.Y. 2009) (finding that defendant's conviction of class C drug felony meant that he could not avail himself of the opportunity to be resentenced to a determinate term of imprisonment).

11

Even if petitioner had been convicted of a class A or class B drug felony, the fact that defendant has already been released to parole supervision renders him ineligible for resentencing consideration under the DLRA.[1]  *Id.*; *see also Bustamante*, 124 A.D.3d at 1132 (finding defendant was no longer eligible for 2005 DLRA relief because he had been released to parole supervision); *People v. Rodriguez*, 61 A.D.3d 1004, 1004-05 (2d Dep't 2009) (finding defendant was not eligible to be resentenced because he had been released on parole, even though his parole was later revoked); *People v. Mills*, 11 N.Y.3d 527, 532-34 (N.Y. 2008) (legislative intent is clear with respect to parolees).  For the aforementioned reasons, petitioner is not eligible to apply for resentencing under the DLRA, and his petition fails on the merits.

## CONCLUSION

For the foregoing reasons, Mr. Tejada's petition for a writ of *habeas corpus* is respectfully denied as time-barred and meritless.  Additionally, a certificate of appealability is denied because petitioner has failed to make a substantial showing of the denial of a constitutional right.  28 U.S.C. §

---

[1] According to petitioner's criminal history gathered from the New York State Division of Criminal Justice Services, Mr. Tejada was released from prison and into the custody of Parole on April 4, 2019.  (ECF No. 14-1, Pet. Criminal Justice History, at 9-10.)  This release date is further corroborated by Mr. Tejada's petition itself as well as the NYS DOCCS Inmate Lookup function.  (ECF No. 1, Pet. at 2 ("If Parole grants my freedom, my release/graduation date is set for April 4, 2019.").)

2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (discussing certificate of appealability standard); Rules Governing Section 2254, Rule 11 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

The Clerk of Court is respectfully directed to enter judgment for respondent, denying and dismissing the petition. Respondent is respectfully directed to mail a copy of this Memorandum and Order and the judgment to petitioner at his last known address: 3281 Lawrence Avenue, Oceanside, New York 11572, and note service on the docket.  The Clerk of Court is also requested to update petitioner's case address to reflect the address listed herein, and close the case.

**SO ORDERED.**

DATED:     June 25, 2020
           Brooklyn, New York

                        _____/s/_____
                        **HON. KIYO A. MATSUMOTO**
                        United States District Judge

13